IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC.,

          Plaintiff,

vs.                                       CIVIL NO.   07-1006 WJ/LFG

THE TRAVELERS INDEMNITY
COMPANY,

          Defendant.

## ORDER GRANTING TRAVELERS' MOTION TO COMPEL

THIS MATTER is before the Court on Defendant The Travelers Indemnity Company's ("Travelers") August 3, 2009 Motion to Compel [Doc. 57]. The Court considered the motion, response and reply, and determines that oral argument is not necessary.

### Background

Prior to the stay of proceedings entered in this case [Doc. 40], Defendant served a request for production of documents on Plaintiff Abbasid, Inc. ("Abbasid") [Doc. 16]. After the stay was lifted, Abbasid's subsequent counsel requested two extensions of time within which to provide the requested documents. When the documents were provided, Travelers contends that Abbasid's responses and documents were deficient.

In June 2009, the Court conducted a Fed. R. Civ. P. 16 status conference and allowed the parties thirty days within which to exchange documents, including the outstanding discovery. The thirty days expired on July 13, 2009, and Abbasid did not produce the information sought by Travelers. Travelers wrote to Abbasid's counsel on July 20, 2009 in an effort to obtain the documents. Those efforts proved futile.

### Request for Production Nos. 1 and 12

In these two Requests, Travelers asks for state tax information relative to Abbasid's claims of lost business income. Travelers requested that Abbasid sign a release form so that Travelers could independently obtain Abbasid's tax filing. Abbasid objects and argues that he provided undated and unsigned CRS reports and declines to sign a release, arguing that due to the electronic filing of the reports, they cannot be signed.

Abbasid's claim for damages falls within the scope of discoverable information under Fed. R. Civ. P. 26. Abbasid makes claims for significant losses attributed to Travelers' conduct. A party may not make claims and then deny the opposing party access to the very information that can support or refute the claims. Moreover, Travelers is not required to accept without challenge Abbasid's representations that the CRS reports he provided are the same as the CRS reports filed with the State.

The Court directs Abbasid to execute the release forms so that Travelers may obtain the CRS reports. The release is to be signed and presented to Travelers within ten days. Travelers is required to provide copies of any reports obtained from state taxing authorities.

### Request for Production No. 3

Travelers seeks Abbasid's profit and loss statements for 2004 until the time the request was made. Abbasid objects, contending that it is "not sure whether a profit and loss statement . . . actually exits." Abbasid's response is rejected. It defies credulity to believe that a corporation is "not sure" whether it prepares yearly profit and loss statements.

The Court directs the production of the profit and loss statements for applicable years sought, or require Abbasid to state, under oath, that these profit and loss statements were not prepared and do not exist. Quite obviously, if the reports do not exist, they cannot be provided. However, Abbasid

may be put to the challenge of explaining how a business operates without being aware of whether it is making or losing money.  Again, the statement must be signed under oath.

### Request for Production No. 5

Travelers seeks verification of invoices from Phoenician Import Inc. for all of the rugs allegedly damaged.  Abbasid contends that the rugs which were allegedly damaged came from Phoenician Import Inc., but Phoenician Import Inc. is a corporation wholly owned by Abbasid, Inc.  Abbasid alleges that the invoices are irrelevant and it is "still attempting to determine if Plaintiff is in possession of the invoices."

The Court overrules the relevancy objection.  Under Fed. R. Civ. P. 26, discovery may be had of any matter relevant to the parties' claims and defenses.  In this case, the Phoenician Import Inc. invoices can confirm or refute whether rugs were purchased by Abbasid and for how much.  This information is relevant to the value of those rugs.  Abbasid is directed to produce the Phoenician Import Inc. invoices within ten days.

### Request for Production No. 7

Travelers asks for copies of pleadings from any other complaints, lawsuits or criminal actions involving Abbasid, Inc., Azhar Said or Azhar's Oriental Rugs and Furnishings.  Abbasid objected on the grounds of relevancy, however, it did produce the captions for two lawsuits that were pending when the request was made, but did not provide the pleadings.

The Court determines that Abbasid need not provide the pleadings themselves, but does require the following information:  names and docket numbers relating to any other civil complaints, lawsuits or criminal actions involving Abbasid Inc, Azhar Said or Azhar's Oriental Rugs and Furnishings for the period requested by Travelers.  Abbasid must provide the name of the court, the style of the case, and the docket number.  As these are all public records, with the information

provided, Travelers can obtain the pleadings on its own.  Abbasid shall provide this information within ten days.

In sum, the Court determines that Travelers' motion is well-taken and that Abbasid's objections are overruled.  Abbasid must provide the documents identified herein within ten days.

IT IS SO ORDERED.

_*Lorenzo F. Garcia*_
Lorenzo F. Garcia
Chief United States Magistrate Judge